**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 96-81061

SHAWN TAYLOR,

    Defendant.
                                          /

**ORDER DENYING DEFENDANT'S
"REQUEST" TO CORRECT SENTENCE COMPUTATION**

      Defendant Shawn Taylor has filed a document[1] seeking to have the court assist him in his effort to receive credit for approximately two weeks of time served in custody. Specifically, Defendant, without citing any legal authority, seeks to have the court "correct[] the matter" and somehow force the Federal Bureau of Prisons to credit Defendant for time served during the period from June 16, 1997, when he was in state custody, until the commencement of his federal sentence on July 1, 1997. The court will deny his request.

      Relevant here, Section 3585(b) of Title 18 provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the

---

    [1] Although Defendant's submission appears, at first glance, to be a letter, it was addressed to the clerk's office, included a certificate of service, and seeks specific relief. The court will therefore construe his letter as a request to correct the computation of his sentence.

sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Supreme Court has stated that "§ 3585(b) does not authorize a district court to compute the [time served] credit at sentencing. . . . [T]he Attorney General must continue to compute the credit under § 3585(b). . . . After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (interpreting § 3585(b) in light of former § 3568). Because Congress has delegated the authority to make such determinations to the Attorney General, this court is without authority to grant Defendant credit for time served prior to his sentence. *See id.*; *see also Stearns v. United States*, No. 06-14086, 2007 WL 3037746, *7 n.3 (E.D. Mich. Oct. 17, 2007).

Accordingly, IT IS ORDERED that Defendant's request to correct his sentence computation [Dkt. # 261] is DENIED.[2]

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: July 28, 2009

---

[2] Attached to Defendant's request is another letter, specifically addressed to this court, in which Defendant details his achievements during his incarceration. While commendable, Defendant does not seek any relief in this second document, nor would the court be authorized to grant any relief based simply upon a letter from a sentenced defendant.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2009, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
